Johnson, J.
In 1805, the complainant, and defendant, Samuel 0. Johnson, purchased jointly, a tract of land represented to contain about 206 acres, at the price of $600. Of this sum, S. O. Johnson paid an amount which left the complainant indebted to him on account of the purchase, in the sum of $119 30. Both, immediately after the purchase, settled upon the land, and without any definite partition, each cleared and cultivated separate fields and plantations of about equal quantities, both much short of one half of the whole tract, until 1816, when the complainant voluntarily abandoned his possession. Samuel O. Johnson continued in the use and occupation of what he had retained, and from year to year cultivated also parts of that portion which had been possessed and abandoned by the complainant, until 1825, when his undivided moiety was sold under fi. fa. at sheriff’s sale, and purchased by the defendant Zachariah Johnson. The bill is for a partition of the land, between the complainant and Zachariah Johnson, and for an account of rents and profits against both the defendants, for the time they have respectively had the possession. The decree of the Circuit Court is predicated upon an account stated by the Commissioner, in which the defendants are charged with one half the annual rents of the whole plantation, including the lands cleared and cultivated by the defendant, Samuel 0. Johnson, as well as that by the complainant, notwithstanding neither of the defendants cultivated the whole of the plantation abandoned by the complainant ; and error in this respect, is one of the grounds of the present appeal.
I cannot perceive that there is any room to doubt about this question —natural justice would suggest that one co-tenant has a right to the enjoyment of the estate, to the extent of his interest, and I know of no positive rule which deprives him of it. It deprives the other of no right and does him no wrong. He has the same right, and may profit by it, if he will. He therefore has no cause of complaint. These parties acted upon this principle, from 1805, to 1806, each appropriated *to himself whatwas necessary to his use, of the joint property, neither to the whole extent of his interest, for the witnesses say that neither cultivated more than twenty-five or thirty acres. The complainant could not, according to the principles, vary the rights of the defendant, by a voluntary abandonment of the use of his possession ; their rights were precisely tire same as if he had continued it. When, however, they used that which the complainant had, by common consent, appropriated to his own use, and rendered productive by his own labor, they derived a benefit which was unequal, and ought to account for it. We think, therefore, very clearly, that the defendants are bound severally, to account for the rents and profits of so much land as they respectively cultivated, from year to year, which was improved and possessed by the complainant, before he abandoned the possession, but not for any part or portion of that improved by them, before or since that time.
We think, too, that there is error in the manner of setting off the ae- *39 counts of rents and profits, against the sum due by the complainant to the defendant, Samuel 0. Johnson, on account of the purchase. That sum was a debt due to Mm, and his liability for rents and profits is in the nature of payments, and must be first applied to the payment of the accruing interest. Samuel 0. Johnson is, of course, entitled to interest on the sum advanced by Mm from the time of payment; and the rents and profits, which first accrued, must be applied to the payment of the interest which had accumulated up to the time the rent became due, and so from year to year, until first, the accumulated interest is paid, and then to the accruing interest, before any part is applied to the payment of the principal.
Williams and Clowney, for the appellants.
Thomson, contra.
It'is therefore ordered and decreed, that the decree of the Circuit Court be reformed according to the principles of this decree, and that the Commissioner do state an account comformably thereto.
O’Neael and Harper, Js., concurred.